CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 04, 2024

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH ATKINS, | ) | |
| Petitioner, | ) | Civil Action No. 7:24cv00099 |
| v. | ) | |
| | ) | |
| WARDEN STREEVAL, | ) | By: Elizabeth K. Dillon |
| Respondent. | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Christopher Joseph Atkins, a federal prisoner,[1] has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge a 2011 criminal conviction arising in the Western District of Michigan. *See* Case No. 1:11-cr-62 (W.D. Mich.) Atkins was convicted by a jury on two counts of being a felon in possession of a firearm and one count of being a felon in possession of body armor. *Id.*, Dkt. No. 60. Atkins was given consecutive 120-month sentences on the firearm charges and a concurrent 36-month sentence on the body armor charge. Atkins previously moved to vacate his sentence pursuant to 28 U.S.C. § 2255. *See id.*, Dkt. No. 110 (2/23/21 Order of Sixth Circuit denying application to pursue second or successive § 2255 motion). In the motion before this court, Atkins argues that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, and thus, the court should consider his petition pursuant to the saving clause. *See* § 2255(e). This avenue being foreclosed by *Jones v. Hendrix*, 599 U.S. 465 (2023), the court lacks jurisdiction and this case will be dismissed.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Section 2255 provides that a second or successive motion cannot be considered except in the following circumstances:

---

[1] Petitioner was confined at USP-Lee, in the Western District of Virginia, when this action was filed, but he has since been transferred to a federal prison in Oklahoma.

(h) A second or successive motion must be certified, as provided in section 2244 by a panel of the appropriate court of appeals to contain—

      (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h)(1), (2).

Thus, if this action is considered an action pursuant to § 2255, the court lacks jurisdiction to consider Atkins' claim because Atkins has previously filed a § 2255 motion, and he has not satisfied the requirements of § 2255(h).  Pursuant to the saving clause, however, Atkins' challenge to his sentence can be heard under § 2241 if § 2255 is considered "inadequate or ineffective to test the legality of his detention."  § 2255(e).  Atkins argues that the court should consider this action pursuant to the saving clause in light of the Supreme Court's reading of 18 U.S.C. § 922(g) in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

Prior to the Supreme Court's decision in *Jones*, the Fourth Circuit applied the saving clause in the following situations:

[Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).  In addition, the Fourth Circuit extended this test to cover sentencing claims:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.

This authority was abrogated by *Jones*. 599 U.S. at 477 (listing cases from various jurisdictions that have "found a workaround" in the saving clause, including the Fourth Circuit's decision in *In re Jones*, and stating that "[w]e now hold that the saving clause does not authorize such an end-run around AEDPA"); *Johnson v. Dunbar*, C/A No. 5:22-3677-JD-KDW, 2023 WL 52110952, at *2–3 (D.S.C. July 12, 2023) (recognizing abrogation of *In re Jones* and *Wheeler*). *Jones* emphasized that the saving clause applies to "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." 599 U.S. at 474. Additionally, the saving clause "ensures that § 2255(e) does not displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." *Id.* at 475 (emphases in original). With respect to AEDPA, however, *Jones* reinforced that "[s]ection 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences." *Id.* at 480. That "limitation on second or successive motions" does not make § 2255 "inadequate or ineffective" such that Atkins may proceed under § 2241. *Id.* at 470. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *Id.* at 480. The Fourth Circuit has held, pursuant to

*Jones*, that a federal prisoner "may not challenge his § 922(g)(1) conviction based on *Rehaif* through a § 2241 petition by way of § 2255(e)'s saving clause." *Williams v. Hudgins*, No. 20-7870, 2023 WL 4929310, at *1 (4th Cir. Aug. 2, 2023).

Atkins' inability to satisfy the restrictions in § 2255 does not mean that he can bring his claim in a § 2241 petition under the saving clause. Atkins also does not identify any "unusual circumstances" making it "impossible or impracticable" for him to seek relief from the court that imposed his sentence,[2] and he is not challenging the legality of his detention beyond the collateral attack on his sentence.[3] Accordingly, the court lacks jurisdiction to consider Atkins' claim.

For these reasons, it is HEREBY ORDERED that this matter is DISMISSED for lack of subject matter jurisdiction. The Clerk is directed to STRIKE this action from the active docket of the court.

Further, finding that Atkins has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c).

The Clerk is directed to transmit a copy of this order to Atkins.

Entered: April 4, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[2] "The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose . . . . The saving clause might also apply when 'it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons.'" *Jones*, 599 U.S. at 474–75 (quoting *United States v. Hayman*, 342 U.S. 205, 215 n.23 (1952)). The Court explained that § 2255 was enacted eight years before legislation that funded the Interstate Highway System. "At that time, it would not be surprising if removing a prisoner from the penitentiary, transporting him to the sentencing court for a hearing, and taking him back to prison again sometimes posed difficulties daunting enough to make a § 2255 proceeding practically unavailable." *Id.* at 475 n.2.

[3] "To give a few examples, a prisoner might wish to argue that he is being detained in a place or manner not authorized by the sentence, that he has unlawfully been denied parole or good-time credits, or that an administrative sanction affecting the conditions of his detention is illegal." *Jones*, 599 U.S. at 475.